STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KOREY BOSSIER

VERSUS

MARK GARBER, ET AL.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20164510
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE
\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks and Shannon J. Gremillion, Judges.

**REVERSED.  JUDGMENT VACATED, REMANDED FOR FURTHER PROCEEDINGS.**

Blaine Barrilleaux
330 Settlers Trace, Suite B
Lafayette, LA 70508
(337) 406-8759
COUNSEL FOR PLAINTIFF/APPELLANT: Korey Bossier

Oats & Marino
Todd Swartzendruber
Stephen J. Oats
Gordon Square, Suite 400
100 E. Vermilion Street
Lafayette, LA  70501
(337) 233-1100
COUNSEL FOR DEFENDANTS/APPELLEES:
 Sheriff Mark Garber, Rob Reardon and Berkley Insurance Company

**COOKS, Judge**.

## FACTS AND PROCEDURAL HISTORY

Korey Bossier (Plaintiff) filed suit against Mark Garber, Sheriff of Lafayette Parish and others (Defendants) alleging he was injured when he slipped and fell in his jail cell while incarcerated at the Lafayette Parish Correctional Center (LPCC). Plaintiff alleges his injuries occurred on two occasions, August 31, 2015 and September 17, 2015. He alleges he fell in his cell "as a result of water running freely from the nearby showers into [his] cell." Plaintiff allegedly received a copy of the 2012 version of the LPCC Handbook containing the procedure for filing a grievance as an inmate when he arrived at the facility. Defendants admit that the Handbook was revised on September 8, 2015. Plaintiff asserts he did not receive a copy of the revised Handbook. Defendants maintain that the change in the rule was a minor change to its grievance procedure requiring inmates to submit their grievance electronically rather than on paper. Regardless of the change in the procedure, Plaintiff asserts the Handbook as first presented, and as revised, does not provide any administrative procedure for filing a complaint regarding personal injury. Defendants maintain the Handbook language covers such complaints and requires Plaintiff to timely pursue his administrative remedy under state laws. Defendants filed an exception of prematurity and prescription asserting Plaintiff failed to timely exhaust his administrative remedy before filing suit. The trial court granted Defendants' exceptions dismissing Plaintiff's claims with prejudice at his cost. Plaintiff appeals asserting the "trial court erred in granting Defendants' Exceptions of Prematurity and Abandonment."

## LEGAL ANALYSIS

The dilatory exception of prematurity provided in La.Code Civ. Proc. art. 926 questions whether the cause of action has matured to the point where it is ripe for judicial determination, because an action will be deemed premature when it is brought before the right to enforce it has accrued." *LaCoste v. Pendleton Methodist Hosp., L.L.C.,* 07–8, 07–16, p. 5 (La.9/5/07), 966 So.2d 519, 523. The function of an exception of prematurity is to determine whether a judicial cause of action is not available yet because of some unmet prerequisite condition. *Rico v. Cappaert Manufactured Hous., Inc.,* 05–141 (La.App. 3 Cir. 6/1/05), 903 So.2d 1284. When the determination of whether an exception of prematurity should have been granted involves a question of law, then the appellate court must determine whether the trial court was legally correct or incorrect. *Id.* Interpretation of statutes involves a question of law. *Thibodeaux v. Donnell,* 08–2436 (La.5/5/09), 9 So.3d 120.

*Crooks v. Louisiana Pac. Corp.*, 14-724 p. 3 (La.App. 3 Cir. 12/10/14), 155 So.3d 686, 688.

We review the trial court's ruling on the exception of prematurity under the de novo standard of review as this ruling is based upon the interpretation of an administrative rule that affects Plaintiff's right to file suit. In *Ngo v. Estes*, 04-186 p. 3 (La.App. 3 Cir. 9/29/04), 882 So.2d 1262, 1264 this court, relying on the decision in *Cheron v. LCS Corrections Servs., Inc.,* 02-1049 (La.App. 1 Cir. 2/23/04), 872 So.2d 1094, *writ granted,* 04-703 (La.5/14/04), 872 So.2d 532, (emphasis in original and added) recognized that:

> **The party that raises the objection of prematurity has the burden of showing that *an administrative remedy is available*,** by reason of which the judicial action is premature. Once the existence of an administrative remedy is established, *the burden shifts to the plaintiff to show that the specified administrative remedies or procedures have been exhausted* or *that the present situation is one of the exceptional situations where the plaintiff is entitled to judicial relief because any administrative remedy is irreparably inadequate.*

Defendants here have the burden to prove that "an administrative remedy" was available to Plaintiff. Only then will the burden shift to Plaintiff to show he exhausted such remedy before filing suit. We find Defendants fail to prove the existence of an administrative remedy under which Plaintiff could seek redress for his alleged injuries. The pertinent language in both versions of the LPCC handbook reads the same:

> A grievance is a complaint. It must concern a rule or procedure, complaint of expression or misconduct by a deputy in administering such rules or operation of the LPCC. A personal dispute between an offender and an employee is not considered grounds for a grievance.

Defendants assert the phrase "operation of the LPCC" covers Plaintiff's allegations concerning the allegedly dangerous condition that injured him. Plaintiff asserts the language is, at best, ambiguous and/or simply does not provide any administrative procedure by which an inmate can assert, or seek redress for, a personal injury claim. We agree with Plaintiff. We find the language relied on by Defendants to invoke the provisions of La.R.S. 15:1171,[1] La.R.S. 15:1172(B)(1)

---

[1] A. The Department of Public Safety and Corrections and each sheriff may adopt an administrative remedy procedure at each of their adult and juvenile institutions, including private prison facilities.

B. The department or sheriff may also adopt, in accordance with the Administrative Procedure Act,[1] administrative remedy procedures for receiving, hearing, and disposing of any and all complaints and grievances by adult or juvenile offenders against the state, the governor, the department or any officials or employees thereof, the contractor operating a private prison facility or any of its employees, shareholders, directors, officers, or agents, or a sheriff, his deputies, or employees, which arise while an offender is within the custody or under the supervision of the department, a contractor operating a private prison facility, or a sheriff. Such complaints and grievances include but are not limited to any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes. Such administrative procedures, when promulgated, shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows. All such procedures, including the adult and juvenile offender disciplinary process, promulgated and effective prior to June 30, 1989, shall be deemed to be the exclusive remedy for complaints and grievances to which they apply insofar as federal law allows.

3

and (C) is at the very least, ambiguous and does not adequately place a potential claimant on notice that these procedures are intended to apply to filing a complaint with LPCC regarding a slip-and-fall injury allegedly sustained while incarcerated in the facility. We are bolstered in this conclusion by the very language of the "Grievance Procedures" provided in both versions of the Handbook. Following the definition of a "grievance," as contemplated by LPCC in its Handbook, a party asserting a "grievance" is instructed to first *"[a]ttempt to resolve the grievance with the deputy"* (emphasis added). This instruction indicates in our view that this "grievance procedure" refers only to grievances concerning the behavior of deputies and not to the generic overall operation of the facility including, for example, leaky pipes or the negligent creation of hazardous conditions that result in injury to an incarcerated inmate. It is absurd to suggest that a deputy has any authority to resolve Plaintiff's, or any inmates, claim for damages resulting from injuries alleged to have occurred as a result of LPCC's negligence in how it maintains its facility. And yet, were we to accept Defendants' reading of the Handbook provision such would be the result.

We further find the Handbook, as presented here, is silent regarding any administrative process by which an inmate may notify LPCC of a negligent injury tort claim and Defendants point us to no other provision in its Handbook. Thus,

---

C. The department or sheriff may also adopt procedures for adult or juvenile offenders to discover and produce evidence in order to substantiate their claims and promulgate rules and regulations governing the recommendation, review, and approval of an award for monetary relief.

D. For the purposes of this Part, status as an "offender" is determined as of the time the basis for a complaint or grievance arises. Subsequent events, including posttrial judicial action or release from custody, shall not affect status as an "offender" for the purposes of this Part.

La. R.S. 15:1171.

4

the statutory provisions relied upon by the trial court and Defendants are not applicable.[2] We find LPCC failed to promulgate an administrative process through which inmates may make a claim for damages as a result of personal injury allegedly sustained while incarcerated at Defendants' facility. Consequently, Plaintiff's right to seek redress for alleged tort claims in district court within the one-year period of prescription provided by Louisiana law has not been pre-empted. *See* La.Civ.Code arts. 2315, 2317, and 2317.1 and La. Civ.Code art. 3492. The judgment of the trial court is hereby reversed, vacated and set aside.

---

[2] A. Purpose--to constitute the department's "administrative remedy procedure" for offenders as a regulation.

B. Applicability--deputy secretary, chief of operations, regional wardens, wardens, and sheriffs or administrators of local jail facilities. Each unit head is responsible for ensuring that all unit written policies and procedures are in place to comply with the provisions of this regulation.

C. Policy. It is the secretary's policy that all offenders and employees have reasonable access to and comply with the department's "administrative remedy procedure" through which an offender may seek formal review of a complaint relating to most aspects of his incarceration. Offenders housed in local jail facilities shall also be afforded reasonable access to a grievance remedy procedures.

D. Administrative Remedy Procedure—Purpose

1. On September 18, 1985, the Department of Public Safety and Corrections installed in all of its adult institutions a formal grievance mechanism for use by all offenders committed to the custody of the department. The process bears the name Administrative Remedy Procedure (ARP). Offenders are required to use the procedure before they can proceed with a suit in federal and state courts.
2. Corrections Services has established the administrative remedy procedure through which an offender may seek formal review of a complaint which relates to any aspect of his incarceration if less formal methods have not resolved the matter. Such complaints and grievances include, but are not limited to any and all claims seeking monetary, injunctive, declaratory or any other form of relief authorized by law and by way of illustration, includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies or statutes, including grievances such as offender requests for accommodations under the Americans with Disabilities Act and for complaints of sexual abuse under the prison rape elimination act.
3. Through this procedure, offenders shall receive reasonable responses and where appropriate, meaningful remedies.

22 La. Admin.Code Pt I, § 325

The matter is remanded to the trial court for further proceedings consistent with

this ruling.  All costs on appeal are assessed against Defendants.

**REVERSED.  JUDGMENT VACATED,
REMANDED FOR FURTHER PROCEEDINGS.**