Judge Terri F. Love
Emily Washington ("Ms. Washington") appeals the trial court's granting of the Orleans Parish District Attorney's dilatory exception of unauthorized use of ordinary proceeding and peremptory exception of no cause of action. The petition is absent of any evidence that Ms. Washington intended to employ ordinary proceedings and not *423 summary proceedings in this case. Further, we find Ms. Washington has set forth sufficient facts in her petition that if proved at trial would entitle her to relief under the law. Accordingly, we reverse the trial court's judgment granting the exceptions of unauthorized use of ordinary proceeding and no cause of action. The matter is remanded for further proceedings in line with this opinion.
PROCEDURAL HISTORY AND FACTUAL BACKGROUND
On May 7, 2015, Ms. Washington, an attorney with Roderick and Solange MacArthur Justice Center ("MJC") in New Orleans, submitted to Leon A. Cannizzaro, Jr., in his official capacity as Orleans Parish District Attorney ("District Attorney"), a public records request pursuant to the Public Records Law, La. R.S. 44:1 et seq. The request sought "all records of any subpoenas and subpoenas duces tecum sought by the Orleans Parish District Attorney pursuant to the power granted by Article 66 of the Louisiana Code of Criminal Procedure." In a June 10, 2015 letter that Ms. Washington sent the District Attorney's Office, Ms. Washington indicated that she was informed by letter dated May 11, 2015, that "the Orleans Parish District Attorney does not maintain any database or case management system by which such records could be isolated for [her] review."[1] Believing the District Attorney's response to be a violation of public records law, Ms. Washington made additional attempts via telephone and letter correspondence to obtain the requested public records.
On June 24, 2015, the District Attorney's Office responded, indicating that production of the requested records would be unduly burdensome because it would require the review of thousands of closed files, many of which are stored off-site. The District Attorney stated that compliance with the request would require his office to "manually review thousands of files stored on premises and off-site, the retrieval fee for which is $8.10 per file." The District Attorney further directed Ms. Washington to the Orleans Parish Criminal District Court's Clerk of Court, stating: "the subpoenas/subpoenas duces tecum issued at the request of the Orleans Parish District Attorney's Office are part of the criminal record, and therefore, the Clerk of Court of the Orleans Parish Criminal District Court is the proper custodian of these records."
The District Attorney's letter did not assert that the records do not exist, nor did his office indicate that they did not have possession of any records responsive to Ms. Washington's request. The letter stated instead that it would be burdensome to search for them, and the Clerk of Court would have records in the official court files. Thus, despite Ms. Washington's multiple attempts, the District Attorney did not provide Ms. Washington access to the requested information in his office's possession.
Instead, Ms. Washington was informed that any subpoena would be located at the courthouse, as a judge would have signed it and the clerk would retain a copy as custodian of criminal court records. Consequently, Ms. Washington also served public records requests on every section of Orleans Parish Criminal District Court as well as the Clerk of Court, Arthur Morrell.
In a letter, the Judicial Administrator of Criminal District Court responded on behalf *424 of the judges, collectively, stating that the "these records are not in our custody." Clerk of Court Arthur Morrell responded that his office had no way to identify subpoenas issued pursuant to Article 66 and that 15,000 annual cases would need to be reviewed.
Nearly two years later, Ms. Washington learned through media reports that the District Attorney's Office "has or had a practice of completing Article 66 subpoenas and serving them upon witnesses without securing a judge's signature." Ms. Washington alleges that because they were never authorized by a judge, the Clerk of Court would not have ever come into possession of at least some of the requested documents. Ms. Washington also learned through media reporting that the District Attorney has or had no records maintenance policy with regard to these subpoenas. The District Attorney's Office publicly stated, the subpoenas "were issued by individual prosecutors who decided on their own whether to put them in case files."
On May 12, 2017, Ms. Washington filed a petition for writ of mandamus, seeking a trial court order directing the District Attorney "to disclose the records requested, including all subpoenas issued pursuant to Article 66-both real and fraudulent-or show cause why he should not be ordered to do so."[2]
On June 30, 2017, the District Attorney filed exceptions of unauthorized use of ordinary proceeding, no cause of action, and nonjoinder of a party.[3] Ms. Washington filed her opposition and a hearing on the exceptions was held in October 2017. The trial court granted the District Attorney's exceptions of unauthorized use of ordinary proceeding and no cause of action, dismissing Ms. Washington's petition for writ of mandamus with prejudice. Ms. Washington timely appeals the trial court's ruling.
STANDARD OF REVIEW
The appellate court applies de novo review to the trial court's grant of dilatory exception of unauthorized use of ordinary proceeding because the issue involves a question of law. Wooley v. Lucksinger , 09-0571, p. 49 (La. 4/1/11), 61 So.3d 507, 554 ; Bossier v. Garber , 17-349 (La. App. 3 Cir. 1/10/18), 235 So.3d 1200, 1202. Similarly, we review judgments sustaining a peremptory exception of no cause of action de novo. O'Dwyer v. Edwards , 08-1492, p. 3 (La. App. 4 Cir. 6/10/09), 15 So.3d 308, 309 (citing Tuban Petroleum, L.L.C. v. SIARC, Inc. , 09-0302 (La. App. 4 Cir. 4/15/09), 11 So.3d 519, 522 ).
UNAUTHORIZED USE OF ORDINARY PROCEEDING
In this case, the trial court granted the District Attorney's exception of unauthorized use of ordinary proceedings.[4] The District Attorney contends that the use of ordinary process to obtain production of the requested public records improper under *425 La. R.S. 44:35(C). Specifically, he argues that by requesting discovery prior to a contradictory hearing on the petition for mandamus, Ms. Washington attempts to convert this matter into an ordinary proceeding.
Conversely, Ms. Washington contends that she has not used any improper process, but has complied with public records law and the code of civil procedure. She asserts that the request for limited pre-trial discovery was made necessary by the District Attorney's assertions that a search for the requested information would be overly burdensome and that the District Attorney maintained no formal policy relating to the retention of the requested subpoenas. The District Attorney argues compliance with the records request would require significant time and financial expense. Ms. Washington avers that she seeks an opportunity to traverse the District Attorney's assertion because based on statements his office made to the media, alternative methods for complying with the request are likely to exist.
A review of the record demonstrates that Ms. Washington has not employed any improper process. There are three modes of procedure in civil matters in the trial courts of Louisiana: ordinary, summary, and executory. La. C.C.P. art. 851. Ordinary proceedings "are to be used in the district courts in all cases, except as otherwise provided by law." Id. "Summary proceedings are those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings." La. C.C.P. art. 2591. Under Louisiana's Public Records Law, "[a]ny suit brought in any court of original jurisdiction to enforce the provisions of this Chapter shall be tried by preference and in summary manner." La. R.S. 44:35(C).
Ms. Washington filed a petition for writ of mandamus requesting relief under Louisiana's Public Records Law. Nothing in the petition suggests that Ms. Washington intended to employ ordinary proceedings and not summary proceedings in this case. The District Attorney claims, by merely requesting pre-trial discovery, Ms. Washington attempted to convert her petition for writ of mandamus into an ordinary proceeding. However, even in cases involving summary proceedings, the rules of ordinary proceedings may also be used. La. C.C.P. art. 2596 ("the rules governing ordinary proceedings are applicable to summary proceedings, except as otherwise provided by law"). Pursuant to article 2596, we find discovery may be scheduled within the scope of a mandamus proceeding. Succession of Gendron , 17-216, p. 10 (La. App. 5 Cir. 12/27/17), 236 So.3d 802, 810 (finding pursuant to article 2596 discovery was "necessary before any contradictory hearing could resolve the claims" raised). Aside from the District Attorney's claim that Ms. Washington seeks pre-trial discovery before the contradictory hearing, there is nothing in the record to support the conclusion that Ms. Washington employed an improper process. In that article 2596 and supporting jurisprudence permit discovery in summary proceedings, we find the trial court erred in granting the District Attorney's dilatory exception. Therefore, we reverse the trial court's ruling on the exception of unauthorized use of ordinary proceedings.
NO CAUSE OF ACTION
The primary issue on appeal is whether the trial court properly granted the District Attorney's exception of no cause of action. Ms. Washington avers the trial court erred in granting the exception of no cause of action because her petition contains all the elements needed to plead a *426 cause of action for mandamus. Moreover, she notes that the objections raised by the District Attorney via his exception of no cause of action are challenges to the merits of the petition which are better suited to be heard at the mandamus proceeding's contradictory hearing.
The purpose of an exception of no cause of action is to determine the legal sufficiency of the petition. The exception of no cause of action examines "whether, based upon the facts alleged in the pleading, the law affords the plaintiff a remedy." Koch v. Covenant House New Orleans , 12-0965, p. 3 (La. App. 4 Cir. 2/6/13), 109 So.3d 971, 972-3 (citing Meckstroth v. Louisiana Dept. of Transp. & Dev. , 07-0236, p. 2 (La. App. 4 Cir. 6/27/07), 962 So.2d 490, 492 ). Reviewing the petition, the court "accepts all well[-]pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is entitled to the relief sought." Id. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931.
"A peremptory exception of no cause of action is a question of law that requires the appellate court to conduct a de novo review." R-Plex Enterprises, L.L.C. v. Desvignes , 10-1337, p. 5 (La. App. 4 Cir. 2/9/11), 61 So.3d 37, 40 (citations omitted). In Crozat v. La. Coastal, VII, LLC , this Court explained:
Dismissal of a claim is justified only when the allegations of the petition itself clearly show that the plaintiff does not state a cause of action, or when the allegations show the existence of an affirmative defense that appears clearly on the face of the pleadings. City of New Orleans v. Bd. of Com'rs of Orleans Levee District , 93-0690 (La. 7/5/94), 640 So.2d 237. A court appropriately maintains the peremptory exception of no cause of action only when, conceding the correctness of the well-pleaded facts, the plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law. City of New Orleans v. Bd. of Directors of Louisiana State Museum , 98-1170 (La. 3/2/99), 739 So.2d 748. In reviewing a trial court's ruling on the exception, the appellate court should conduct a de novo review. City of New Orleans v. Bd. of Com'rs of Orleans Levee Dist. , supra.
Id. , 01-2404, p. 3 (La. App. 4 Cir. 9/11/02), 830 So.2d 319, 322 (quoting Farmer v. Marriott Intern., Inc. , 01-0667, p. 2-3 (La. App. 4 Cir. 12/27/01), 806 So.2d 89, 91.
In this case, Ms. Washington filed a writ of mandamus seeking the enforcement of her public records request. A writ of mandamus is the proper procedural means to require a public officer to produce public records. Pursuant to La. R.S. 44:31, "[p]roviding access to public records is a responsibility and duty of the appointive or elective office of a custodian and his employees."
According to the amended petition, in May 2015, attorneys at MJC became concerned that the District Attorney's Office was abusing the authority granted by La. C.Cr.P. art. 66. Specifically, MJC attorneys were concerned that the District Attorney's Office was unilaterally subpoenaing documents, including individual phone records, even in instances where no criminal prosecution was intended or subsequently occurred.
To determine the frequency with which the District Attorney's Office invokes its authority pursuant to La. C.Cr.P. art. 66 and to evaluate the manner in which the District Attorney's Office operates, Ms. Washington sent a public records request to District Attorney. The request sought "all records of any subpoenas and subpoenas *427 duces tecum sought by the Orleans Parish District Attorney pursuant to the power granted by Article 66 of the Louisiana Code of Criminal Procedure." The request also included a non-exclusive list of potentially responsive documents.
The District Attorney's Office indicated that it does not maintain a database that would allow it to determine the location of the requested records and that it was unable to provide the information Ms. Washington sought. The office later responded to Ms. Washington's follow-up requests that production of the records would be unduly burdensome. Citing to La. R.S. 44:33, the District Attorney's Office stated: "a public official is relieved of the obligation to make a public record available for inspection when doing so would be unreasonably burdensome or expensive." However, what La. R.S. 44:33 states is "[i]f, however, segregating the record would be unreasonably burdensome or expensive, or if the record requested is maintained in a fashion that it makes it readily identifiable and renders further segregation unnecessary, the official shall so state in writing and shall state the location of the requested record." Thereafter, the District Attorney's Office directed Ms. Washington to the Clerk of Court Arthur Morrell, indicating that any subpoenas issued at the request of the District Attorney's Office are a part of the criminal record.
Ms. Washington was further concerned that if no prosecution resulted from the subpoena it would not be contained in any court file because there would be no court file. While Ms. Washington also filed public records requests with each section of Orleans Parish Criminal District Court and the Clerk of Court, Ms. Washington was unable to obtain the documents she sought.
Ms. Washington later confirmed, through the investigative journalism of The Lens , that in fact, records responsive to her request were in the custody of the District Attorney's Office. It is alleged that at least some of these records were not authorized by a district judge, but were documents bearing the title "SUBPOENA," and instructed that the recipient was being "notified pursuant to LSA-CCRP art. 66" to appear and testify. As a result of this discovery, Ms. Washington filed the instant action seeking the enforcement of her records request.
In Lewis v. Morrell , 16-1055 (La. App. 4 Cir. 4/5/17), 215 So.3d 737, this Court set forth the six "requirements for invoking the mandamus remedy under the Public Records Law": (1) a request must be made; (2) the requester must be a "person;" (3) the request must be made to a "custodian;" (4) the document requested must be a "public record;" (5) the document requested must exist; and (6) there must be a failure by the custodian to respond to the request. Id. , 16-1055, p. 8-10, 215 So.3d at 742-44.
We find Ms. Washington's case meets all six requirements. First, Ms. Washington made a request in the form of her May 7, 2015 letter seeking public records. Second, she is a "person of the age of majority" entitled to make a public records request pursuant to La. R.S. 44:31.[5] Third, Ms. Washington's request was directed to Leon A. Cannizzaro, Jr. in his official capacity as the Orleans Parish District Attorney. As such, he is a custodian of records because he is a "public official or head of any public body having custody or control of a public record." La. R.S. 44:1(A)(3).
Additionally, the documents requested are public records. "Records pertaining to pending criminal litigation or any criminal *428 litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled" are exempted from disclosure upon a public records request. La. R.S. 44:3(A)(1). By law, the records request does not include those records pertaining to ongoing criminal cases. Ms. Washington argues that, at minimum, the subpoenas in closed cases, in matters where no charges were instituted, or where charges were refused fall outside the criminal litigation exception; and thus, they are public records. The subpoenas themselves in pending cases would nevertheless be public, she claims, if they were signed by a judge or served on a third party.
Moreover, the documents requested exist or should exist. The record reveals that the District Attorney has never claimed that the requested records do not exist, but instead has stated in response to the request that a search for them would be burdensome. In addition, the petition asserts that from the investigative reporting performed by The Lens and the New Orleans Advocate , Ms. Washington became aware of the existence of documents responsive to her request, which she attached as exhibits to her petition for writ of mandamus. Finally, to date, Ms. Washington has not received from the District Attorney any documents responsive to her request or any indication that a search was performed.
An exception of no cause of action is used to test the legal sufficiency of the petition. Thus, the sole issue at a trial on the exception is whether the face of the petition presents a case which, accepting all well-pleaded allegations as true, entitles the petitioner to relief. Ms. Washington's petition meets all the requirements as set forth in Lewis in order to plead a cause of action and invoke a mandamus proceeding. The District Attorney raised several challenges in his exception for no cause of action. However, these arguments go to the merits of Ms. Washington's request for a writ of mandamus and are better suited to be heard at a contradictory hearing.
The record demonstrates that a public records request was made; Ms. Washington is a person within the meaning of the Public Records Law; the request was made to the District Attorney, a custodian of records; the records requested are public records; the documents responsive to the request exist or should exist in the custody of the District Attorney; and Ms. Washington has not received the documents. We find the trial court erred in granting the exception of no cause of action.
ANSWER TO APPEAL
Lastly, the District Attorney filed an answer to Ms. Washington's appeal requesting an award of attorney fees for defending against the appeal in the event the trial court's judgment is affirmed in whole or in part. In that we find the trial court erred in granting the exceptions of unauthorized use of an ordinary proceeding and no cause of action, the District Attorney's request for an award of attorney fees is denied.
DECREE
We find the trial court erred in granting the District Attorney's dilatory exception of unauthorized use of an ordinary proceeding. Nothing in the record suggests that Ms. Washington sought to employ an ordinary proceeding and not summary proceedings in this case. Further, pursuant to La. C.C.P. art. 2596, discovery may be scheduled within the scope of a mandamus proceeding. See Succession of Gendron , 17-216, p. 10, 236 So.3d 802, 810. Additionally, Ms. Washington's petition meets all *429 the requirements as set forth in Lewis in order to plead a cause of action and invoke a mandamus proceeding. Accordingly, we reverse the trial court's judgment granting the District Attorney's dilatory exception of unauthorized use of an ordinary proceeding as well as his peremptory exception of no cause of action. The matter is remanded for further proceedings in line with this opinion.
REVERSED AND REMANDED
MCKAY, C.J., DISSENTS WITH REASONS
MCKAY, C.J., DISSENTS WITH REASONS
Ms. Washington's amended petition for writ of mandamus requests records that she has yet to submit a public records request for. The issue which the Orleans Parish District Attorney's Office put forth before the district court and successfully argued was that the records contained in the May 7, 2015 records request and the records sought in the amended writ of mandamus are two separate and distinct species of documents. The May 7, 2015 records request specifically requested La. Code of Crim. Proc. Art. 66 subpoenas. In Ms. Washington's amended petition for writ of mandamus, she even includes a copy of the documents she was requesting.
Ms. Washington refers to "DA Notifications" as the documents that she is seeking in her amended writ of mandamus. The "DA Notifications" are not La. Code of Crim. Proc. Art. 66 subpoenas as requested in her May 7, 2015 records request. La. Crim. Proc. Art. 66 subpoenas have a very specific definition as defined by the Louisiana Code of Criminal Procedure.[1]
Ms. Washington is attempting to mold her initial public request of May 7, 2015 to include the "DA Notifications" that were attached to her amended petition for writ of mandamus. The district court saw and agreed that the public records request and the amended writ of mandamus requested two separate and distinct items and therefore granted the peremptory exception of no cause of action.
The facts and law of this case are simple. The records contained in the May 7, 2015 records request and the records sought in the amended writ of mandamus are two separate and distinct species of documents. Accordingly, I respectfully dissent from the majority opinion and would affirm the judgment of the district court.

A copy of the District Attorney's May 11, 2015 letter is not included in the record; however, there is a separate May 11, 2015 letter from the Judicial Administrator of Orleans Parish Criminal District Court.

An amended petition was filed to correct dates and to set forth additional allegations in support of her petition.

The issue of nonjoinder of a party was subsequently withdrawn; therefore, we pretermit discussion of the issue on appeal.

The trial court's granting of the exception of unauthorized use of ordinary proceeding contradicts the trial court's reasons for judgment, which held that a "mandamus proceeding was improper under the facts and circumstances of this case...." It stands to reason that the contradiction between the judgment and the trial court's written reasons would leave Ms. Washington without means to assert her claim in a court of law. However, the trial court's written reasons for judgment "form no part of the judgment." Wooley , 09-0571, p. 77, 61 So.3d at 572 (citations omitted). Therefore, our review is limited to the judgment, not the reasons for judgment. Id.

The exclusions set forth in La. R.S. 44:31.1 do not apply.

I also note that in her brief, Ms. Washington stipulated that she is not challenging the constitutionality of La. Code of Crim. Proc. Art. 66.