liKLEES, Judge.
We granted an expedited appeal in this matter to consider whether the district court was correct in maintaining an exception of no cause of action filed by defendants, the members of the City Council of New Orleans. We hold that the exception was correctly maintained, although not for the reasons expressed by the trial judge.
The plaintiffs, registered voters domiciled in the city of New Orleans, are among 22,923 signatories to a petition which was submitted to the City Council on May 6,1996 calling for an amendment to the Home Rule Charter [hereinafter referred to as “the Charter”] of the City of New Orleans. The proposed charter amendment would establish a $6.00 hourly minimum wage for all labor performed in private employment within the City. Plaintiffs seek to have the proposed amendment put before the electorate on the November 5,1996 ballot. Section 9-201(1) of the Charter provides that an election to amend the Charter may originate either by ordinance of the Council or “[b]y petition of not less than ten percent or ten thousand, ■whichever is fewer, of the duly qualified registered voters of the City filed with the Council.... ” In accordance with the procedure specified in the Charter, the City Council on May 9th submitted the petition to defendant Louis Keller, Sr., the Registrar of Voters, instructing him to review the signa *1149 tures and verify the number of duly qualified registered voters.
On May 81,1996, plaintiffs turned in to the City Council a supplemental petition containing 7,050 names, and on June 10th, they gave the Council a second supplemental petition containing 714 names. On July 2, 1996, the Registrar of Voters certified that there were 7,465 registered voters’ signatures on the May 6th petition. On July 3rd, the members of the City Council, with one dissent, voted |2to refuse to accept or consider the two supplemental petitions. This decision was based on a written opinion of the City Attorney that the Council was not legally required to accept supplements to an original petition.
As a result of the Council’s action, plaintiffs filed the instant petition seeking to compel the Council to consider the supplemental petitions as part of the original petition and further, to compel the Registrar of Voters to inspect the signatures on the supplemental petitions for the purpose of verifying the number of registered voters. In response, the City Council filed an exception of no cause of action on the grounds that plaintiffs were seeking the enforcement of an action that is purely discretionary and that the plaintiffs’ petition failed to meet the Louisiana Code of Civil Procedure requirements regarding the issuance of a mandamus.
The exception was argued before the trial court on July 15, 1996. The trial judge, who gave only oral reasons at the hearing, maintained the exception on grounds other than those argued by the defendants. The trial judge opined that the proposed Charter amendment would be illegal because in his view, the terms of the Charter do not permit legislation by citizen referendum. Therefore, according to the trial judge, the “amendment by referendum” provisions of the Charter apply only to those amendments which are “germane” to the Charter itself and not to amendments which address completely new issues not already covered in the Charter. The trial court thus maintained defendants’ exception based on the illegality of the proposed amendment, and expressly declined to reach the “thorny” issue of whether the supplemental petitions were authorized.
We believe the trial judge put the cart before the horse. The illegality and/or unconstitutionality of the proposed amendment does not become a viable issue until there is before the Council a petition with at least 10,000 verified signatures of registered voters calling for the particular amendment. Therefore, the issue before this court is whether the Council had the discretion to refuse to | .«¡consider the supplemental petitions in aggregate with the original petition. We find that the Council did have such discretion.
In arguing that the Council is compelled to consider the supplemental petitions, plaintiffs rely primarily on two prior opinions of this court: Soniat v. Barthelemy, 436 So.2d 707 (La.App. 4th Cir.1983), writ, denied 437 So.2d 286 (La.1983), and Javers v. Council of the City of New Orleans, 351 So.2d 247 (La. App. 4th Cir.1977). This reliance is misplaced, however, as neither decision addresses or resolves the issue of whether the City Council is required to accept supplements filed after the lodging of an initial petition calling for a Charter amendment.
In Javers, supra, the requisite number of registered voters had signed a petition calling for an amendment to the Charter which would establish a tenant-landlord relations commission, but the City Council had refused to submit the proposal to a referendum. Plaintiffs sought a writ of mandamus to compel the Council to act. Thus, the issue before the court was whether the Council had the discretion to refuse to submit the proposed amendment to a public vote. The appellate court found that the amendment, if adopted, would be unconstitutional. Noting that “[tjhere must be a rule of reason or reasonableness in the implementation of this Charter provision ... ”, this court held that the Council could refuse to call a referendum when there was no doubt that the proposed amendment was unconstitutional. Javers, supra, at 249. The Javers decision does not contain any indication that the ten thousand verified signatures came from more than one petition.
In Soniat v. Barthelemy, supra, plaintiff had submitted to the Council on May 12, 1983 a petition to amend the Charter by *1150 deleting the prohibition against the mayor serving more than two full consecutive terms. The May 12th petition contained 18,336 names; supplemental lists of names were submitted to the | ¿Council on May 20th and June 20th, and were immediately forwarded to the Registrar of Voters for verification. On June 22nd, the Registrar certified in excess of 10,000 signatures from the original and supplemental petitions; he further stated in writing that if the verification process were to continue, he would “eventually verify 10,000 signatures from the May 12, 1983 submission.” . Plaintiffs sought mandamus when the Council failed at its July meeting to pass an ordinance calling for an election on the proposed charter change. Section 9-202(2) of the Charter provides:
Within sixty days of the receipt of a petition proposing an amendment to the Charter or a substitute charter, the Council shall provide by ordinance that the proposed amendment or substitute charter shall be published at length in the official journal not less than sixty days prior to the election, and shall be submitted to the electors of the City at the first available election for members of Congress, Mayor of New Orleans, or Governor of Louisiana, if the date of such an election is not less than ninety days after the effective date of such ordinance, or when the petition so demands, at a special election called for that purpose, the date of which shall be held on the first available election date not less than ninety days after the effective date of such ordinance.
Home Rule Charter 9-202(2).
The issue in Soniat was which date should be considered as the “receipt of’ the petition within the terms of the Charter. The appellate court framed the issue as follows:
In the final analysis, the crucial question is whether the petition contained the signatures of 10,000 duly qualified registered voters of the City of New Orleans on May 12, 1983, or whether the required number of certified signatures was not obtained until June 22, 1983, when the Registrar certified the sufficient number of names from the original and supplemental lists. If the petition was valid on May 12, the election should have been called for the next regularly scheduled election on October 22, 1983. If, on the other hand, the 10,000 names are not certified from the May 12 list, then the Council should not be mandated to call the election for October 22. Accordingly, it is necessary that the Registrar of Voters continue to search through the names on the May 12 list to ascertain whether or not there are 10,000 signatures of duly qualified registered voters of the City.
15Soniat, supra, at 712. The Soniat court therefore ordered the Registrar of Voters to continue verifying the signatures contained on the initial petition, giving him seven days to do so, and then ordered the Council to call the election for October 22 only if the required number of signatures was verified from the original May 12 petition. Id.
Plaintiffs argue that Soniat establishes a precedent requiring the acceptance of supplemental petitions by the City Council. We disagree. The mere fact that supplements were apparently accepted in that case does not establish a rule of law; nor does the fact that the Council may have accepted supplementary petitions once or twice in the past amount to a customary practice which has the force of law. The holding of Soniat requires the Registrar to continue verifying signatures until he certifies 10,000 from the first petition; in essence, the supplemental petitions are ignored because of the date problem.
Contrary to plaintiffs’ assertion, then, the Soniat decision does not support the plaintiffs’ cause in the instant case. Soniat does not hold that the Council must accept supplemental petitions; in fact, it illustrates the difficulties inherent in requiring the acceptance of such supplemental lists. In our view, the requirement in Section 9-202(2) that the Council pass an ordinance within sixty days “of the receipt of a petition” is a clear indication that the Charter contemplates one petition, not an aggregate set. Moreover, this interpretation accords with our pronouncement in Javers that there must be a rule of reason in the implementation of the Charter provisions. 351 So.2d at 249. Requiring the Council to accept any number *1151 of supplemental petitions, filed over any time period, in order to aggregate them until the required number of signatures is obtained, would place an unreasonable burden upon the Council and would make the implementation of the strict time limits in Section 9-202 virtually impossible. Therefore, we hold that for the purpose of amending the Charter under Sections 9-201 and 9-202, the City | ^Council is not required to call an election in accordance with the procedure outlined in those Sections unless the Registrar of Voters has certified the required number of signatures from a single petition. While the Council may, in its discretion, decide to accept supplemental petitions for the purpose of aggregation in some instances, it is not required by law to do so.
What plaintiffs seek to compel is a purely discretionary function of the Council. Under Louisiana Code of Civil Procedure article 3863, the court may issue a writ of mandamus against a public officer to compel the performance of a ministerial duty required by law. The acceptance of the two supplemental petitions in the instant case is not such a duty. Therefore, mandamus is not appropriate. The trial court’s maintenance of the exception of no cause of action was proper.
Accordingly, for the reasons given, we affirm the judgment of the trial court.

AFFIRMED.