962 So.2d 490 (2007)
Jeffrey A. MECKSTROTH
v.
LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 2007-CA-0236.
Court of Appeal of Louisiana, Fourth Circuit.
June 27, 2007.
*491 Jeffrey A. Meckstroth, New Orleans, LA, in Proper Person, Plaintiff/Appellant.
Bernard L. Knobloch, Jr., Louisiana Department of Transportation and Development, Legal Section 47, Baton Rouge, LA, Lawrence E. Marino, Oats & Hudson, Lafayette, LA, for Defendant/Appellee.
(Court composed of Judge JAMES F. McKAY, III, Judge DAVID S. GORBATY, Judge LEON A. CANNIZZARO, JR.).
DAVID S. GORBATY, Judge.
Jeffrey A. Meckstroth appeals a judgment maintaining an exception of no cause of action in favor of the Louisiana Department of Transportation and Development. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY:
Jeffrey A. Meckstroth (Mr. Meckstroth) filed suit against the Louisiana Department of Transportation and Development (DOTD), seeking a writ of mandamus requiring DOTD to build a sound barrier between his home and the expanded Interstate 10 (I-10). Mr. Meckstroth further sought a judgment declaring that such relief was appropriate.
*492 In response, DOTD filed peremptory and declinatory exceptions arguing, among other things, that plaintiff could not file a mandamus action against DOTD because the building of sound barriers was a discretionary act, not a ministerial duty. The trial court maintained the exception of no cause of action, allowing Mr. Meckstroth twenty days to amend his petition.
Mr. Meckstroth filed a first amending petition again seeking a writ of mandamus. Additionally, Mr. Meckstroth prayed for damages, but made no specific allegations of fact to suggest a basis for damages. DOTD again filed exceptions. In his response memorandum, Mr. Meckstroth stated that he no longer wished to pursue a writ of mandamus; however, his argument remained that DOTD should have built sound barriers in front of his property, and that he was entitled to damages because it did not.
The trial court maintained DOTD's exception and did not permit Mr. Meckstroth to amend his petition further. This appeal followed.
DISCUSSION:
The peremptory exception of no cause of action tests the legal sufficiency of a petition by examining whether, based upon the facts alleged in the pleading, the law affords the plaintiff a remedy. La. Code Civ. Proc. art. 927 A(4); Montalvo v. Sondes, 93-2813 (La.5/23/94), 637 So.2d 127, 131. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ. Proc. art. 931. The court reviews the petition and accepts all well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is entitled to the relief sought. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235-36 (La.1993); Kuebler v. Martin, 578 So.2d 113 (La. 1991); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975). Because Louisiana is a fact-pleading jurisdiction, mere legal conclusions, unsupported by facts, are not sufficient to set forth a cause of action. State ex rel. Ieyoub v. Racetrac Petroleum, Inc., 01-0458 (La.App. 3 Cir. 6/20/01), 790 So.2d 673, 678. The reviewing court should conduct a de novo review because the exception raises a question of law and the trial court's decision is based solely on the sufficiency of the petition. Fink v. Bryant, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349; Wright v. Louisiana Power & Light, 06-1181, p. 8 (La.3/9/07), 951 So.2d 1058, 1069
In his amended petition, Mr. Meckstroth states that he (his home) was identified by DOTD as a receiver of sufficient noise to warrant a sound barrier; that such a barrier would be reasonable to build; but, that because the area which included Mr. Meckstroth's home was of low population density, building a sound barrier would not be reasonable. He alleges that DOTD's conclusion conflicted with its statutory directive to not separately consider areas where a change of density occurred.
Our review of the amended petition reveals that, although Mr. Meckstroth removed the specific language requesting that a writ of mandamus be issued, the "new" allegations of his amended petition are still requesting that DOTD be ordered to build a sound barrier.
DOTD argued in its exception of no cause of action, citing the applicable federal law, that the regulations only require DOTD to consider noise impacts, and what abatement may be appropriate. There is no statutory requirement that sound barriers be built.
Mandamus is therefore not an appropriate remedy. Louisiana Code of Civil Procedure art. 3863 provides that "[a] *493 writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. . . ." Also see Davis v. Carter, 96-1706 (La.App. 4 Cir. 7/26/96), 677 So.2d 1147, 1151. However, a mandamus may not issue to compel performance of an act that contains any element of discretion, however slight. City of Baton Rouge v. Douglas, 04-1448, p. 1 (La.App. 1 Cir. 12/29/05), 923 So.2d 166, 169. Mandamus is an extraordinary remedy that is to be used sparingly by the courts to compel something that is clearly provided by law, and only where it is the sole available remedy or where the delay occasioned by the use of any other remedy would cause an injustice. Id.
Mr. Meckstroth also prays for damages in his amended petition. However, he alleges no facts to support a cause of action for damages. Mr. Meckstroth states in his brief, "the tort present here is a negligent determination that sound barriers were not warranted." He further states that this negligent determination caused a diminution in value to his home. The problem with these statements is that they were never contained in a petition before the trial court.
The trial court is only allowed to consider what is contained within the four corners of the petition, and to decide if the petition states a claim upon which relief may be granted. La.Code Civ. Proc. art. 927 A(4). The original and amended petitions in this case do not contain any allegations of fact upon which relief may be based.
Accordingly, we affirm the judgment of the trial court.
AFFIRMED.