EDWIN A. LOMBARD, Judge.
In this appeal, the plaintiff/appellant, Stacy Horn Koch, seeks the review of the trial court granting the exception of no cause of action filed by the defendant/ap-pellee, Covenant House New Orleans (“Covenant House”). For the following reasons, we reverse and remand.
Relevant Facts and Procedural History
On October 7, 2010, following an investigation conducted by Covenant House International on complaints against Ms. Koch, executive director of Covenant House, Ms. Koch was informed that her employment was terminated. Upon her termination, she received a letter that outlined a possible severance package that Covenant House was willing to offer her, provided that she complied with the provi *972 sions of the letter. Ms. Koch subsequently requested from Covenant House: (1) a copy of Covenant House’s Human Resources Manual; (2) all drafts and the final investigative report regarding all complaints against her which resulted in her termination; and (3) a copy of her personnel file, to no avail.
On November 5, 2010, Ms. Koch filed a petition against Covenant House for damages allegedly sustained as a result of the events surrounding the termination of her employment. In her petition, she prayed for a judgment in her favor finding that (1) Covenant House failed to follow its own policies and procedures for terminating her employment; (2) Covenant House defamed her through its communications and termination of her employment based on false accusations; (3) Covenant House has been unjustly enriched by its failure to reimburse her for expenses incurred during the course of her employment; (4) Covenant House engaged in unfair practices by allowing her to see patients at her Covenant House office and then using this fact as grounds for termination of employment; and (5) she detrimentally relied upon the representations of Covenant House through its President, Sister Patricia Cruise.
On March 3, 2011, in a pleading entitled “Motion to Dismiss and/or For More Definitive Statement,” Covenant House requested the dismissal of the claims set forth in Ms. Koch’s petition, alleging the failure to state a claim for declaratory judgment, defamation, unjust enrichment, unfair trade practices, and detrimental reliance upon which relief could be granted and that Ms. Koch was an “at will” employee and did not allege a violation of any statutory or constitutional provision.
This matter was heard before the trial court in May 2011, and after taking the matter under advisement, the trial court entered a judgment with reasons on June 13, 2011. The trial court treated Covenant House’s pleading as an exception of no cause of action, granted the exception and dismissed Ms. Koch’s case in its entirety. In its reasons, the trial court stated its decision was reached “[a]fter considering the pleadings, the argument of counsel, the law, and upon finding that a justiciable controversy does not exist for purposes of declaratory judgment, and upon further finding that plaintiff was an ‘at will’ employee and that she failed to allege that her termination violated any statutory or constitution provision and therefore she was subject to termination at any time, and further considering that plaintiff failed to allege any defamatory words and/or communication to a third party.”
Discussion
In her appeal, Ms. Koch argues that the trial court (1) erred in maintaining Covenant House’s unpled exception of no cause of action, thereby dismissing the suit; and (2) abused its discretion in dismissing her case without granting her leave to amend or determining whether granting her leave to amend would be a futile act.
The exception of no cause of action “tests the legal sufficiency of a petition by examining whether, based upon the facts alleged in the pleading, the law affords the plaintiff a remedy.” Meckstroth v. Louisiana Dept. of Transp. & Dev., 07-0236, p. 2 (La.App. 4 Cir. 6/27/07), 962 So.2d 490, 492. “A peremptory exception of no cause of action is a question of law that requires the appellate court to conduct a de novo review.” R-Plex Enterprises, L.L.C. v. Desvignes, 10-1337, p. 5 (La.App. 4 Cir. 2/9/11), 61 So.3d 37, 40 (citations omitted). “The court reviews the petition and accepts all well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is entitled to the relief sought.” Meckstroth, supra, *973 p. 2, 962 So.2d at 492 (citing Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234-86 (La.1993) (citation omitted)). No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ. Proc. art. 931.
In reviewing the trial court’s granting of the exception of no cause of action, the issue presented for review is whether Ms. Koch’s petition for damages states a valid cause of action for which the law affords a remedy. A review of the record reveals that the exception of no cause of action granted to Covenant House attempts to achieve summary judgment. The trial court considered facts outside the face of the pleadings, thus allowing Covenant House to penetrate Ms. Koch’s allegations in her petition, which is the function of a motion for summary judgment, not that of an exception of no cause of action. See Mayer v. Valentine Sugars, Inc., 444 So.2d 618, 620 (La.1984). Accordingly, an exception of no cause of action is not the correct procedural vehicle for dismissing the case. Therefore, we find that the trial court erred in granting Covenant House the exception of no cause of action.
Lastly, we pretermit a discussion of the remaining assignments of error having already determined that the trial court erred in dismissing Ms. Koch’s suit.
Conclusion
The trial court’s judgment granting the exception of no cause of action in favor of Covenant House is reversed, and the matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED