| ANNE ZOLLER KIEFER | * | NO. 2021-CA-0453 |
| --- | --- | --- |
| VERSUS | * | |
| | | COURT OF APPEAL |
| DARREN LOMBARD AND | * | |
| ARTHUR MORRELL, IN HIS | | FOURTH CIRCUIT |
| OFFICIAL CAPACITY AS | * | |
| CLERK OF CRIMINAL | | STATE OF LOUISIANA |
| DISTRICT COURT | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-06269, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Tiffany G. Chase**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Tiffany G. Chase)

**LOBRANO, J., CONCURS IN THE RESULT**

Thomas A. Robichaux
THOMAS A. ROBICHAUX, ATTORNEY AT LAW
1317 Milan St
New Orleans, LA 70115

      COUNSEL FOR PLAINTIFF/APPELLANT

Kenneth C. Bordes
ATTORNEY AT LAW
4224 Canal Street
New Orleans, LA 70119

      COUNSEL FOR DEFENDAT/APPELLEE, DARREN P. LOMBARD

           **AFFIRMED**
           **JULY 30, 2021 AT 5:34 P.M.**

*TGC*
*JFM*
*RLB*
*RML*

This is an appeal of an election suit objecting to the candidacy of Defendant/Appellee, Darren Lombard (hereinafter "Mr. Lombard"), for the position of Clerk of Orleans Parish Criminal District Court. On appeal, Plaintiff/Appellant, Anne Zoller Kiefer (hereinafter "Ms. Kiefer") seeks review of the trial court's judgment granting Mr. Lombard's peremptory exception of no cause of action and dismissing her petition. For the following reasons, we affirm the judgment of the trial court.

**FACTS AND PROCEDURAL HISTORY**

On July 14, 2021, Mr. Lombard qualified for the office of Clerk of Criminal District Court for the Parish of Orleans by executing a Notice of Candidacy Qualifying Form (hereinafter "the form"). The form, which was signed by Mr. Lombard, provided, in pertinent part:

11) If I am a candidate for a major or district office as defined in La. R.S. 18:1483[1], I have filed each report that I have been required to file by the Campaign Finance Disclosure Act, if any were previously due.

\*\*\*

14) All the statements contained herein are true and correct.

---

[1] La. R.S. 18:1483(9) states that a "major office" includes an office with an election district containing a population in excess of 250,000 persons, such as Clerk of Orleans Parish Criminal District Court.

1

Mr. Lombard signed and dated the form before a notary and two witnesses.

On July 23, 2021, Ms. Kiefer filed a petition challenging Mr. Lombard's candidacy.[2] She alleged that Mr. Lombard failed to qualify for the primary election "in the manner prescribed by law" as required by La. R.S. 18:463.[3] Ms. Kiefer averred that Mr. Lombard falsely swore there were no outstanding campaign finance reports due under the Campaign Finance Disclosure Act, and specifically alleged that Mr. Lombard failed to file a campaign finance report for the calendar year 2019, as required.[4] The matter was set for hearing on July 26, 2021.

---

[2] The petition named as defendants Mr. Lombard and Arthur Morrell, in his official capacity as Clerk of Criminal District Court.

[3] La. R.S. 18:463(A)(2)(a) provides that a notice of candidacy shall include a certificate, signed by the candidate, certifying that:

(i) he has read the notice of his candidacy;

(ii) he meets the qualifications of the office for which he is qualifying;

(iii) except for candidates for United States Senator or representative in congress, he is not currently under an order of imprisonment for conviction of a felony, and for each of the previous five years he has filed his federal and state tax returns, has filed an extension of time for filing those returns, or was not required to file those returns;

(iv) he acknowledges that he is subject to the provisions of the Campaign Finance Disclosure Act if he is a candidate for any office other than United States Senator, representative in congress, or member of a political party and does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act;

(v) if he is a major or district office candidate as defined in R.S. 18:1483, he has filed each report he has been required to file by the Campaign Finance Disclosure Act, if any were previously due;

(vi) he does not owe any outstanding fines, fees or penalties pursuant to the Code of Governmental Ethics;

(vii) except for a candidate for United States Senator or representative in Congress or a candidate who resides in a nursing home or veteran's home operated by the state or federal government, if he claims a homestead exemption on a residence pursuant to Art. VII, §20 of the Constitution of Louisiana, he is registered and votes in the precinct in which that residence is located; and

(viii) all of the statements contained in it are true and correct.

[4] Mr. Lombard currently serves as Clerk of Orleans Parish Second City Court. He has held that position since November of 2012. La. R.S. 18:1484 states that, except as otherwise specifically provided, the following persons or their campaign treasurers, if any, shall file reports of contributions and expenditures as more specifically provided in this Chapter: (1) each candidate for major office or district office; (2) each candidate for any other public office who does either

2

On July 26, 2021, the morning of the hearing, Mr. Lombard filed peremptory exceptions of no cause of action, non-joinder of a necessary party, no right of action, and a dilatory exception of lack of procedural capacity. The trial court heard arguments on Mr. Lombard's exceptions but deferred ruling on the exceptions. In light of the statutory requirements regarding election suits, and in order to maintain judicial efficiency, the trial court conducted a summary trial on Ms. Kiefer's petition, taking evidence on the merits.[5] The matter was submitted at 11:30 a.m.

Later that afternoon, the trial court rendered judgment in favor of Mr. Lombard. The trial court cited to La. R.S. 18:492(A), noting that the statute contains the mandatory word "shall," in its direction that the objection to a person's candidacy "shall be based one or more of the following grounds." Specifically, the trial court stated:

> This mandatory shall establishes that the seven enumerated grounds are the seven exclusive grounds upon which a challenge can be

---

of the following: (a) makes expenditures in excess of two thousand five hundred dollars; (b) receives a contribution in excess of two hundred dollars in the aggregate during the aggregating period, and for purposes of this Paragraph only, a contribution by a candidate for his own campaign other than a major office or district office shall not be considered in determining whether the candidate has received a contribution in excess of two hundred dollars in the aggregate; (3) each political committee; (4) any person other than a candidate or political committee required to file reports under the provisions of Part IV of this Chapter.

[5] La. R.S. 18:1409 provides, in pertinent part:

> A.(1) Actions objecting to the calling of a special election, objecting to candidacy, contesting the certification of a recall petition, or contesting an election shall be tried summarily, without a jury, and in open court. The trial shall begin no later than 10:00 a.m. on the fourth day after suit was filed.
>
> ***
>
> C. In all actions, the trial judge shall render judgment within twenty-four hours after the case is submitted to him and shall indicate the date and time rendered on the judgment. The clerk of the trial court shall immediately notify all parties or their counsel of record by telephone and/or facsimile transmission of the judgment.

brought. This mandatory language also implies that, when the Legislature decided to expressly designate which aspects of the Notice of Candidacy requirements included in La. R.S. 18:463 would be grounds for disqualifying someone from candidacy–namely subsection five, regarding outstanding fees, fines, or penalties pursuant to the Campaign Finance Disclosure Act, subsection six, regarding outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics, and subsection seven, regarding the past five years of tax filings–that it also made the express decision not to include the remaining aspects of the Notice of Candidacy Requirements, namely the inaccuracies or falsities of any of the other certifications.

The trial court granted Mr. Lombard's peremptory exception of no cause of action, dismissing Ms. Kiefer's petition and pretermitting Mr. Lombard's remaining exceptions of non-joinder of a necessary party, no right of action, and lack of procedural capacity. This appeal followed.

**STANDARD OF REVIEW**

An appellate court reviews an exception of no cause of action under the *de novo* standard of review as the exception raises a question of law and the lower court's decision is based on the sufficiency of the petition. *See City of New Orleans v. Bd. Of Comm'rs of Orleans Levee Dist.,* 1993-0690, p. 28 (La. 7/5/94), 640 So.2d 237, 253.

The exception of no cause of action "tests the legal sufficiency of a petition by examining whether, based upon the facts alleged in the pleading, the law affords the plaintiff a remedy." *Meckstroth v. Louisiana Dept. of Transp. & Dev.*, 2007–0236, p. 2 (La.App. 4 Cir. 6/27/07), 962 So.2d 490, 492. "A peremptory exception of no cause of action is a question of law that requires the appellate court to conduct a *de novo* review." *R–Plex Enterprises, LLC v. Desvignes*, 2010–1337, p. 5 (La.App. 4 Cir. 2/9/11), 61 So.3d 37, 40 (citations omitted). "The court reviews the petition and accepts all well pleaded allegations of fact as true, and the issue at

the trial of the exception is whether, on the face of the petition, the plaintiff is entitled to the relief sought." *Meckstroth*, *supra*, p. 2, 962 So.2d at 492 (citing *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234–36 (La.1993) (citation omitted)). "No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La. C.C.P. art. 931; *Koch v. Covenant House of New Orleans*, 2012-0965, p. 3 (La. App. 4 Cir. 2/6/13), 109 So.3d 971, 973.

## DISCUSSION

On appeal, Ms. Kiefer asserts that the trial court erred in granting Mr. Lombard's exception of no cause of action. She avers that these actions were based upon the trial court's erroneous interpretation and application of La. R.S. 18:492(A)(1).[6]

"[E]lection laws must be interpreted to give the electorate the widest possible choice of candidates, [thus,] a person objecting to candidacy bears the burden of proving that the candidate is disqualified." *Landiak v. Richmond*, 2005-0758, pp. 6-7 (La. 3/24/05), 899 So.2d 535, 541 (citations omitted). A court determining whether the person objecting to candidacy has carried the burden of proof must liberally construe the laws governing the conduct of elections "so as to

---

[6] Ms. Kiefer also assigns as error that the trial court found that exhibits introduced at trial made no mention of delinquent reports when the documents clearly state otherwise. The trial court noted in its Reasons for Judgment that the exhibits did not make mention of any delinquent reports, but it also noted therein that the affidavit of the Executive Secretary of the Board of Ethics, which was introduced as an exhibit, indicates that Mr. Lombard did not file his supplemental campaign finance report. Regardless, we pretermit discussion of this assignment of error, as it is a "well-settled rule that the district court's oral or written reasons for judgment form no part of the judgment, and that appellate courts review judgments, not reasons for judgment." *Wooley v. Lucksinger*, 2009-0571, 2009-584-86, p. 77 (La. 4/1/11), 61 So.3d 507, 572 (citations omitted).

promote rather than defeat candidacy." *Becker v. Dean,* 2003-2493, p. 7 (La. 9/18/03), 854 So.2d 864, 869.

Ms. Kiefer argues that Mr. Lombard, as a candidate for major office, was required to file all reports due under the Campaign Finance Disclosure Act.[7] She further asserts that he certified that he did so despite the fact that he had not filed his annual supplemental report for 2019 for the office which he currently holds as Clerk of Second City Court. Ms. Kiefer maintains that Mr. Lombard knew the statements he swore to were not true and correct. In support of her position, Ms. Kiefer submitted documents from her public records request to the Louisiana Ethics Administration which resulted in the production of multiple notices of delinquency sent to Mr. Lombard regarding the missing 2019 report. Ms. Kiefer concludes that Mr. Lombard is subject to disqualification under La. R.S. 18:492(A)(1).

La. R.S. 18:492 sets forth the enumerated grounds for an objection to candidacy and provides as follows:

> A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election **shall** be based on one or more of the following grounds:
>
> **1. The defendant failed to qualify for the primary election in the manner prescribed by law.**
> 2. The defendant failed to qualify for the primary election within the time allowed by law.
> 3. The defendant does not meet the qualifications for the office he seeks in the primary election.
> 4. The defendant is prohibited by law from becoming a candidate for one or more of the offices for which he qualified.
> 5. The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act as provided in R.S. 18:463(A)(2).

---

[7] La. R.S. 18:1484 (1).

6. The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees or penalties pursuant to the Code of Governmental Ethics as provided in R.S. 18:463(A)(2).

7. The defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax returns or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state tax return or both.

[Emphasis added]

Ms. Kiefer argues that Mr. Lombard perjured himself by signing the form, and has therefore failed to qualify for office in the manner prescribed by law.

La. R.S. 18:492(A) states that an action objecting to the candidacy of a person who qualified as a candidate in a primary election *shall* be based on one or more of the grounds listed therein. [Emphasis added.] The only provisions which relate to "false statements" are contained in subsections (5), (6) and (7). La. R.S. 18:492(A)(5), (A)(6) and (A)(7) provide, respectively: (1) falsely certifying on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Disclosure Act as provided in R.S. 18:463(A)(2); (2) falsely certifying that defendant has no outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics as provided in La. R.S. 18:463(A)(2); and (3) falsely certifying that for the last five years defendant has filed his tax returns, or filed for an extension of time for filing his tax returns, or was not required to file tax returns. The inclusion of seven exclusive provisions, three pertaining to false statements, implies that the Legislature made the express decision to specifically delineate which false statements would serve as a basis for disqualification of a candidate.

"The court reviews the petition and accepts all well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the

7

petition, the plaintiff is entitled to the relief sought." *Meckstroth*, supra, p. 2, 962 So.2d at 492 (citing *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234–36 (La.1993) (citation omitted)). Whether or not Mr. Lombard falsely certified that he did not have any outstanding campaign finance reports due is not expressly contained in La. R.S. 18:492. Ms. Kiefer's argument suggests this Court expand the exclusive provisions of La. R.S. 18:492 to include any and all false statements under the "catch all" provision in La. R.S. 18:492(A)(1). We decline to do so.

The sole issue before this Court is a narrow one, does Ms. Kiefer's petition state of cause of action. The petition presented to the trial court states, at paragraph 7, Mr. Lombard "falsely swore that he had no outstanding campaign finance reports due under the Campaign Finance Disclosure Act." La. R.S. 18:492 sets forth the exclusive grounds of disqualification. Falsely swearing to anything other than those specific provisions enumerated in the statute is not a basis for disqualification.[8] "There is nothing more fundamental to our society than the ability of our electorate to choose its leaders." *Becker,* 2003-2493, p. 6, 854 So.2d at 869. The purpose of the election process is to provide the electorate with a wide choice of candidates. *Williams v. Ragland*, 567 So.2d 63, 66 (La. 1990). *See also Roe v. Picou*, 361 So.2d 874 (La. 1978); *Jumonville v. Jewell*, 317 So.2d 616 (La.1975). "The interests of the state and its citizens are best served when election laws are interpreted so as to give the electorate the widest possible choice of candidates." *Becker*, 2003-2493, p. 7, 854 So.2d at 869. Thus, as an intermediate

---

[8] We note the slippery slope that can result should we create a jurisprudential rule expanding the statute enacted by the legislature in this case. The facts of this case reveal that Mr. Lombard did in fact pay all fines and did not owe the 2019 supplemental report until "20 days of receipt of this [Board of Ethics] order." Thus, whether or not Mr. Lombard's statement was false requires testimony and the weighing of credibility and facts. Strictly construing the plain language of the statute maintains the balance contemplated by the framers of our constitution.

appellate court, we must be guided by the latter precepts and fundamental principles interpreting the laws to give the electorate the widest possible choice of candidates. Should we accept the interpretation of Ms. Kiefer, we would thwart the intent of our legislature and our civilian doctrine which guides our courts. Accordingly, we decline to expand La. R.S. 18:492 beyond those exclusive provisions contained therein.

The lawmaking power of our State is vested in the Legislature. *See Krielow v. Louisiana Dep't of Agric. & Forestry*, 2013-1106, p. 5 (La. 10/15/13), 125 So.3d 384, 388. "[L]egislative power, conferred under constitutional provisions, cannot be delegated by the Legislature either to the people or to any other body or authority." *City of Alexandria v. Alexandria Firefighter's Ass'n, Local No. 540*, 220 La. 754, 758, 57 So. 2d. 673, 674 (1952). The resolution to any doubt concerning the qualifications of a candidate should be to allow the candidate to run for public office. *Becker,* 2003-2493, p. 7, 854 So.2d at 869. In light of the foregoing, we find the trial court properly found that Ms. Kiefer failed to state an enumerated ground for disqualification of Mr. Lombard under La. R.S. 18:492. We find no error in the trial court's determination.

For the aforementioned reasons, we affirm the judgment of the trial court.

**AFFIRMED**

9