CLAYTON CANGELOSI

VERSUS

JEFFERSON PARISH COUNCIL, ET AL

NO. 22-CA-174

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 814-570, DIVISION "B"
HONORABLE R. CHRISTOPHER COX, III, JUDGE PRESIDING


December 14, 2022


**ROBERT A. CHAISSON**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and John J. Molaison, Jr.


<u>**AFFIRMED**</u>
    **RAC**
    **FHW**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

PLAINTIFF/APPELLANT,
CLAYTON CANGELOSI
      In Proper Person

COUNSEL FOR DEFENDANT/APPELLEE,
JEFFERSON PARISH COUNCIL; SCOTT WALKER, JEFFERSON PARISH
COUNCIL CHAIR; CYNTHIA LEE SHENG, JEFFERSON PARISH
PRESIDENT; AND PEGGY BARTON, JEFFERSON PARISH ATTORNEY
      William Peter Connick
      Michael J. Monistere

**CHAISSON, J.**

In this case arising from the denial of a permit to sell merchandise, Clayton Cangelosi appeals a March 24, 2022 judgment of the trial court sustaining a peremptory exception of no right of action filed by Jefferson Parish Council, Jefferson Parish Council Chair Scott Walker, Jefferson Parish President Cynthia Lee Sheng, and Jefferson Parish Attorney Peggy Barton, and dismissing Mr. Cangelosi's claims with prejudice. For the following reasons, we affirm the judgment of the trial court.

**BACKGROUND**

In January of 2021, pursuant to the Jefferson Parish Code of Ordinances, Mr. Cangelosi sought a permit to conduct outdoor sales of Valentine's Day-related merchandise from February 12 to February 14, 2021. Permits to conduct such sales are authorized by resolution of Jefferson Parish Council.

The resolution authorizing Mr. Cangelosi's sales permit was initially scheduled to be considered as part of the Addendum Agenda at the January 13, 2021 meeting of the Jefferson Parish Council; however, it was removed from the agenda at the request of Councilman Byron Lee, who later stated that he had received complaints about the annual sales and was concerned about traffic congestion given the limited ingress and egress at the identified location. Councilman Lee encouraged Mr. Cangelosi to identify other locations for the sale and to reapply for the permit, which could be approved at the next council meeting on February 3.

At the February 3 council meeting, a resolution authorizing Mr. Cangelosi's sales permit was adopted *en globo* with other resolutions as part of a consent agenda. Mr. Cangelosi made an appearance and proceeded to question the council as to why his permit requests for other additional locations had not been approved. He also stated that he was working with a lawyer to get approval for these

additional permits. Following a discussion with Councilman Lee over Mr. Cangelosi's treatment of the councilman's staff, Councilman Lee moved to reconsider and cancel the previously adopted resolution authorizing Mr. Cangelosi's sales permit. This motion was seconded and then approved by the Council.

Two days later, Mr. Cangelosi filed his original petition for damages *in forma pauperis* against the Jefferson Parish Council, Jefferson Parish Council Chair Scott Walker, Jefferson Parish President Cynthia Lee Sheng, Jefferson Parish Attorney Peggy Barton, and Councilman Byron Lee in his personal rather than official capacity. The petition was amended on February 8 to add Jefferson Parish as a defendant. The original petition was served on all of the named defendants in their official capacities on April 26, 2021; however, Councilman Lee, in his personal capacity, was not served until March 22, 2022.

In his petition, Mr. Cangelosi makes numerous allegations. His charges are made specifically against Councilman Lee and "the Parish as a Whole." He makes no specific allegations against Parish President Cynthia Lee Sheng or Jefferson Parish Attorney Peggy Barton. His allegations against Parish Council Chair Scott Walker appear to be made against Mr. Walker in his official capacity for purportedly allowing Councilman Lee's "misconduct" and "abuse of power" to continue. His charges against the Parish defendants include violations of his rights under the First and Fourteenth Amendments of the United States Constitution and abuse of power. He seeks damages for lost earnings, aggravation, pain and suffering, and time spent on this suit.

The parish defendants filed an answer to Mr. Cangelosi's petition denying the accusations made against them. They next filed a peremptory exception of no cause of action, in which they argue that Mr. Cangelosi failed to allege facts sufficient to support a claim for relief pursuant to defendants' alleged violations of

the First and Fourteenth Amendments or alleged abuse of power.  Following a hearing on the merits, the trial court sustained this exception and dismissed Mr. Cangelosi's claims with prejudice on March 24, 2022.  It is from this judgment that Mr. Cangelosi appeals.[1]

**DISCUSSION**

The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading.  *State, Div. of Admin., Office of Facility Planning & Control v. Infinity Sur. Agency, L.L.C.*, 10-2264 (La. 5/10/11), 63 So.3d 940, 945.  A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant.  *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1238 (La. 1993).  No evidence may be introduced to support or controvert an exception of no cause of action.  La. C.C.P. art. 931.  The court reviews the petition and accepts the well-pleaded allegations of fact as true. *Khoobehi Properties, LLC v. Baronne Dev. No. 2, L.L.C.*, 16-506 (La. App. 5 Cir. 3/29/17), *writ denied*, 17-0893 (La. 9/29/17), 227 So.3d 288.  Because Louisiana utilizes a system of fact pleading, it is not necessary for a plaintiff to plead a theory of the case in the petition; however, mere conclusions of the plaintiff unsupported by the facts do not set forth a cause of action.  *Meckstroth v. Louisiana Dept. of Transp. & Dev.*, 07-0236 (La. App. 4 Cir. 6/27/07), 962 So.2d 490.  In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's

_____

[1] Councilman Lee, who was served with the petition later than the other defendants, also filed an exception of no cause of action regarding the claims made against him; however, his exception was heard separately from the earlier filed exception of the other defendants.  Consequently, the judgment on Councilman Lee's exception regarding the claims against him in his personal capacity are considered in a companion appeal, 22-CA-338.

decision is necessarily based solely on the sufficiency of the petition. *Id*. The issue

is whether, on the face of the petition, the plaintiff is legally entitled to the relief

sought. *State, Div. of Admin., Office of Facility Planning & Control v. Infinity Sur.*

*Agency, L.L.C.*, 63 So.3d at 946.

We begin our analysis with the observation that Mr. Cangelosi's brief fails

to comport with the Uniform Rules - Courts of Appeal Rule 2-12.4 in that if fails to

clearly state assignments of alleged errors.  The brief does contain statements of

issues; however, these present statements and conclusions of law that are not

reflected in the record before us.  For example, appellant states:

> 3. Did the Court err when it found that the Defendant, Jefferson Parish
> Council, Jefferson Parish Council Chair Scott Walker, Byron Lee In
> Person, Jefferson Parish President Cynthia Lee Sheng, Jefferson
> Parish Attorney, Jefferson Parish was [sic] not vicariously liable for
> the malicious actions against Clayton Cangelosi.  Because he petition
> the Government redress of grievance. [sic] And the administration and
> the Council Revoked His already passed Permit out of Malice and
> Violated his first amendment right to petition the Government redress
> of grievance. [sic]

This statement is incorrect because the trial court made no findings

regarding the merits or liability of the defendants.  Instead, it considered the

question before it on the exception of no cause of action, which was whether

plaintiff's petition alleged facts sufficient to present a cognizable claim.

Nevertheless, regardless of these errors in Mr. Cangelosi's brief, we proceed with

our duty to conduct a *de novo* review of his petition under the standard of the

exception of no cause of action as stated above.

*Federal Claims*

Mr. Cangelosi alleges that defendants violated his constitutional rights under the

Fourteenth and First Amendments of the United States as well as the Louisiana

Constitution. We address these claims in turn.[2]

Mr. Cangelosi's recovery against the defendants in their official capacities is governed by 42 U.S.C. §1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …

The Louisiana Supreme Court has held that to recover under §1983, a plaintiff must allege and prove two essential elements: 1) plaintiff must show that the conduct occurred under color of state law; and 2) plaintiff must show that this conduct deprived him or her of a right, privilege or immunity secured by the Constitution or a law of the United States. *Moresi v. State Through Dep't of Wildlife & Fisheries*, 567 So.2d 1081, 1084 (La. 1990). Procedural due process imposes constraints on governmental decisions which deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment. *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Id.* Upon *de novo* review of Mr. Cangelosi's petition, we find that he has failed to allege a deprivation of a constitutionally protected property interest. Applying for a permit does not afford the applicant vested rights. *Palermo Land Co., Inc. v. Planning Com'n of Calcasieu Parish*, 561 So.2d 482 (La. 1990). In other words, Mr. Cangelosi does not have a right to a vendor's permit such that the

---

[2] Mr. Cangelosi additionally alleges that Councilman Lee acted with malice against him in voting to rescind the resolution authorizing his vendor's permit. The analysis below encompasses Mr. Cangelosi's claims against Councilman Lee in his official capacity, while those made against him in his personal capacity are addressed in the opinion in the companion appeal, 22-CA-338.

council's actions violated his right to due process under the Fourteenth Amendment.

Mr. Cangelosi further alleges that his rights to freedom of speech under the First Amendment were violated when the council voted to rescind the resolution authorizing his vendor's permit after he spoke out at the meeting and criticized the council for statements made at previous council meetings. The First Amendment right to free speech includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right. *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). However, not every reaction made in response to an individual's exercise of his First Amendment right to free speech is actionable retaliation. *Id*. To prevail on a §1983 claim for First Amendment retaliation, a plaintiff must show: 1) that he was engaged in constitutionally protected activity; 2) the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and 3) the defendant's adverse actions were substantially motivated by the constitutionally protected conduct. *McLin v. Ard*, 866 F.3d 682, 696 (5th Cir. 2017). The second element requires some showing that the plaintiff's exercise of free speech has been curtailed. *Id*. Upon *de novo* review of Mr. Cangelosi's petition, we find that he has failed to allege facts sufficient to support his retaliation claim. In particular, he has failed to allege facts sufficient to support this third element with regard to actions taken by any defendant other than Councilman Lee. He also has failed to allege that his ability to speak out against or criticize the council have been curtailed or chilled in any way.

Finally, regarding Mr. Cangelosi's §1983 claim, particularly wherein he states that Jefferson Parish Council is vicariously liable for the actions of the council members, we note that it is well settled that a local governmental body's

liability under 42 U.S.C. §1983 cannot be imposed under the theories of vicarious liability or *respondeat superior*. *Mederos v. St. Tammany Par. Gov't*, 15-1602 (La. App. 1 Cir. 7/11/16), 199 So.3d 30, 37. The Parish Council may only be held liable under §1983 if the constitutional violation is due to official action, policy, or custom. *Monell v. Department of Social Services*, 436 U.S. 658, 690-1, 98 S.Ct. 2018, 2035-6, 56 L.Ed.2d 611 (1978). Upon *de novo* review of Mr. Cangelosi's petition, we find no facts sufficient to support a direct §1983 claim against the Jefferson Parish Council.

*State Claims*

As to Mr. Cangelosi's allegations regarding violations of his State constitutional rights, we find that the same factors which defeat his federal §1983 claim reveal that he has failed to state a cause of action for violations of his State constitutional rights by the defendants.

**CONCLUSION**

Upon *de novo* review, we find that Mr. Cangelosi has failed to allege facts sufficient to state a cause of action against the defendants. We further find that such deficiency cannot be cured through amendment. Accordingly, the judgment of the trial court is affirmed.

<u>**AFFIRMED**</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 14, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-174

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE R. CHRISTOPHER COX, III (DISTRICT JUDGE)
MICHAEL J. MONISTERE (APPELLEE)          WILLIAM PETER CONNICK (APPELLEE)

**MAILED**
CLAYTON CANGELOSI  (APPELLANT)          ELIZABETH O. CLINTON (APPELLEE)
2357 CADDY DRIVE                        ATTORNEY AT LAW
MARRERO, LA 70072                       3421 NORTH CAUSEWAY BOULEVARD
                                        SUITE 408
                                        METAIRIE, LA 70002