CLAYTON CANGELOSI

VERSUS

JEFFERSON PARISH COUNCIL, ET AL.

NO. 22-CA-338

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 814-570, DIVISION "B"
HONORABLE R. CHRISTOPHER COX, III, JUDGE PRESIDING


December 14, 2022


**ROBERT A. CHAISSON**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and John J. Molaison, Jr.


**AFFIRMED**
   **RAC**
   **FHW**
   **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

PLAINTIFF/APPELLANT,
CLAYTON CANGELOSI
    In Proper Person

COUNSEL FOR DEFENDANT/APPELLEE,
BYRON LEE
    William Peter Connick
    Michael J. Monistere

**CHAISSON, J.**

In this case arising from the denial of a permit to sell merchandise, Clayton Cangelosi appeals a July 6, 2022 judgment of the trial court sustaining a peremptory exception of no cause of action filed by defendant Councilman Byron Lee, in his personal capacity. For the following reasons, we affirm the judgment of the trial court.

**BACKGROUND**

The facts and procedural history of this case arise from the same petition and events described in the companion appeal, 22-CA-174, and for the purposes of this appeal, we adopt the background section from that appeal herein in its entirety without additional restatement.

In January of 2021, pursuant to the Jefferson Parish Code of Ordinances, Mr. Cangelosi sought a permit to conduct outdoor sales of Valentine's Day-related merchandise from February 12 to February 14, 2021. Permits to conduct such sales are authorized by resolution of Jefferson Parish Council.

The resolution authorizing Mr. Cangelosi's sales permit was initially scheduled to be considered as part of the Addendum Agenda at the January 13, 2021 meeting of the Jefferson Parish Council; however, it was removed from the agenda at the request of Councilman Byron Lee, who later stated that he had received complaints about the annual sales and was concerned about traffic congestion given the limited ingress and egress at the identified location. Councilman Lee encouraged Mr. Cangelosi to identify other locations for the sale and to reapply for the permit, which could be approved at the next council meeting on February 3.

At the February 3 council meeting, a resolution authorizing Mr. Cangelosi's sales permit was adopted *en globo* with other resolutions as part of a consent agenda. Mr. Cangelosi made an appearance and proceeded to question the council

as to why his permit requests for other additional locations had not been approved. He also stated that he was working with a lawyer to get approval for these additional permits. Following a discussion with Councilman Lee over Mr. Cangelosi's treatment of the councilman's staff, Councilman Lee moved to reconsider and cancel the previously adopted resolution authorizing Mr. Cangelosi's sales permit. This motion was seconded and then approved by the Council.

Two days later, Mr. Cangelosi filed his original petition for damages *in forma pauperis* against the Jefferson Parish Council, Jefferson Parish Council Chair Scott Walker, Jefferson Parish President Cynthia Lee Sheng, Jefferson Parish Attorney Peggy Barton, and Councilman Byron Lee in his personal rather than official capacity. The petition was amended on February 8 to add Jefferson Parish as a defendant. The original petition was served on all of the named defendants in their official capacities on April 26, 2021; however, Councilman Lee, in his personal capacity, was not served until March 22, 2022.

In his petition, Mr. Cangelosi makes numerous allegations. His charges are made specifically against Councilman Lee and "the Parish as a Whole." He makes no specific allegations against Parish President Cynthia Lee Sheng or Jefferson Parish Attorney Peggy Barton. His allegations against Parish Council Chair Scott Walker appear to be made against Mr. Walker in his official capacity for purportedly allowing Councilman Lee's "misconduct" and "abuse of power" to continue. His charges against the Parish defendants include violations of his rights under the First and Fourteenth Amendments of the United States Constitution and abuse of power. He seeks damages for lost earnings, aggravation, pain and suffering, and time spent on this suit.

Councilman Lee filed a peremptory exception of no cause of action, in which he argues that Mr. Cangelosi failed to allege facts sufficient to support a

claim for relief pursuant to Councilman Lee's alleged violations of the First and Fourteenth Amendments or alleged abuse of power. Following a hearing on the merits, the trial court sustained this exception and dismissed Mr. Cangelosi's claims with prejudice on July 6, 2022. It is from this judgment that Mr. Cangelosi appeals.[1]

**DISCUSSION**

Mr. Cangelosi's brief in this appeal states identical purported errors by the trial court as those he states in the companion appeal, 22-CA-174, and does not raise any new or additional purported issues or assignments of error.

The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *State, Div. of Admin., Office of Facility Planning & Control v. Infinity Sur. Agency, L.L.C.*, 10-2264 (La. 5/10/11), 63 So.3d 940, 945. A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1238 (La. 1993). No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. The court reviews the petition and accepts the well-pleaded allegations of fact as true. *Khoobehi Properties, LLC v. Baronne Dev. No. 2, L.L.C.*, 16-506 (La. App. 5 Cir. 3/29/17), *writ denied*, 17-0893 (La. 9/29/17), 227 So.3d 288. Because Louisiana utilizes a system of fact pleading, it is not necessary for a plaintiff to plead a theory of the case in the petition; however, mere conclusions of the plaintiff unsupported by the facts do not set forth a cause of action. *Meckstroth v. Louisiana Dept. of Transp. & Dev.*, 07-0236 (La. App. 4 Cir.

_____

[1] A prior judgment dated March 24, 2022, sustaining a near identical exception of no cause of action filed by the other defendants, is the subject of a companion appeal, 22-CA-174.

6/27/07), 962 So.2d 490. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's decision is necessarily based solely on the sufficiency of the petition. *Id.* The issue is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *State, Div. of Admin., Office of Facility Planning & Control v. Infinity Sur. Agency, L.L.C.*, 63 So.3d at 946.

Mr. Cangelosi alleges claims against Councilman Lee in his personal capacity for proposing and voting to rescind a previously adopted resolution authorizing a vendor's permit for Mr. Cangelosi. Personal or individual capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law causing the deprivation of a constitutional right. A state official is individually liable for violating the constitutional rights of his victim. *Driscoll v. Stucker*, 04-0589 (La. 1/19/05), 893 So.2d 32.

In support of his claim, Mr. Cangelosi cites Louisiana Revised Statute 14:48. This statute, which was repealed on July 31, 2021, stated:

> Where a non-privileged defamatory publication or expression is false it is presumed to be malicious unless a justifiable motive for making it is shown. Where such publication or expression is true, actual malice must be proved in order to convict the offender.

Mr. Cangelosi's reliance on this statute is misplaced. The language of the statute creates an evidentiary presumption that relieves the prosecution from having to prove one element of a claim for criminal defamation. In this case, Mr. Cangelosi has alleged that Councilman Lee acted with malice, an allegation of fact which may be accepted as true for the purposes of the analysis of the petition on the exception of no cause of action. However, the allegation of that fact alone is insufficient to support a civil cause of action against the defendant; it is merely one

element among many that must be alleged in the petition in order to state a justiciable claim that must be then later proven at a trial on the merits.

For the reasons discussed in the companion appeal, 22-CA-174, which we adopt in full and without additional restatement here, we have found that Mr. Cangelosi has failed to allege facts sufficient to state claims for violation of his rights under the Louisiana or United States Constitutions. Further examination of his petition shows that he has failed to allege facts sufficient to state cognizable claims against Councilman Lee in his personal capacity.

**CONCLUSION**

Upon *de novo* review of the petition, we find that Mr. Cangelosi has failed to allege facts sufficient to state a cause of action against Councilman Lee in his personal capacity. We further find that such deficiency cannot be cured through amendment. The judgment of the trial court is affirmed.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 14, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-338

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE R. CHRISTOPHER COX, III (DISTRICT JUDGE)
MICHAEL J. MONISTERE (APPELLEE)          WILLIAM PETER CONNICK (APPELLEE)

**MAILED**
CLAYTON CANGELOSI  (APPELLANT)          ELIZABETH O. CLINTON (APPELLEE)
2357 CADDY DRIVE                        ATTORNEY AT LAW
MARRERO, LA 70072                       3421 NORTH CAUSEWAY BOULEVARD
                                        SUITE 408
                                        METAIRIE, LA 70002